Sam Hirsch
Acting Assistant Attorney General
Andrew J. Doyle
Trial Attorney
United States Department of Justice
Environment and Natural Resources Division
P.O. Box 7611
Washington, DC  20044
(202) 514-4427
andrew.doyle@usdoj.gov

Attorneys for Plaintiff United States of America

(For Attorneys for Defendants, *see infra* p. 25.)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>        v.<br><br>MATTHEW R. ANCHORDOGUY,<br>ANCHORDOGUY AND COMPANY<br>LIMITED PARTNERSHIP, and JOHN<br>R. BARLOW,<br><br>                Defendants. | No.  2:13-cv-848-MCE-CMK<br><br>CONSENT DECREE |

        WHEREAS, Plaintiff United States of America ("United States"), at the request of

the Administrator of the United States Environmental Protection Agency, has filed a

Complaint in this action, alleging that Defendants Matthew R. Anchordoguy,

Anchordoguy and Company Limited Partnership, and John R. Barlow ("Defendants")

violated Clean Water Act ("CWA") section 301(a), 33 U.S.C. § 1311(a);

        WHEREAS, the Complaint alleges that Defendants violated CWA section 301 by

discharging dredged or fill material, without a CWA section 404 permit from the United

1    States Army Corps of Engineers, into waters of the United States at the "Site," as that

2    term is defined in Paragraph 9, subparagraph m, generally in conjunction with preparing

3    the Site for the planting of olive and walnut orchards;

4       WHEREAS, the Complaint requests, *inter alia*, that the Court award injunctive

5    relief and civil penalties;

6       WHEREAS, Defendants do not admit any liability to the United States arising out

7    of the activities alleged in the Complaint and have asserted affirmative defenses;

8       WHEREAS, Defendants have submitted evidence to the United States regarding

9    the limits of their ability to pay;

10       WHEREAS, the Court finds that this Consent Decree is a reasonable and fair

11    settlement of the United States' claims alleged in the Complaint, and that this Consent

12    Decree adequately protects the public interest in accordance with the CWA;

13       THEREFORE, before the taking of any testimony upon the pleadings, without the

14    adjudication or admission of any issue of fact or law except as provided in Section I of

15    this Consent Decree, and upon consent of the Parties hereto by their authorized

16    representatives, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

17       I. <u>JURISDICTION, VENUE, AND SUFFICIENCY OF COMPLAINT</u>

18       1.     This Court has jurisdiction over the subject matter of this action and over

19    the Parties pursuant to CWA section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C.

20    §§ 1331, 1345, and 1355.

21       2.     Venue is proper in the Eastern District of California pursuant to CWA

22    section 309(b), 33 U.S.C. § 1319(b), and 28 U.S.C. §§ 1391(b) because Defendants

23    conduct business in this District; the Site is located in this District; and the claims alleged

24    in the Complaint arose in this District.

25       3.     For purposes of this Consent Decree and any action to enforce this

26    Consent Decree, Defendants consent to the Court's jurisdiction and venue.

27       4.     For purposes of this Consent Decree and any action to enforce this

28    Consent Decree, the Parties agree, and the Court finds, that the Complaint states claims

1 | upon which relief can be granted pursuant to CWA sections 301(a), 309(d), and 404, 33
2 | U.S.C. §§ 1311(a), 1319(d), and 1344.

3 | ## II.  APPLICABILITY

4 |      5.     This Consent Decree applies to and is binding upon the United States and
5 | upon Defendants and any successors, assigns, or other entities or persons otherwise
6 | bound by law whether or not such entity or person has notice of this Consent Decree.

7 |      6.     Defendants shall provide notice of this Consent Decree to all partners,
8 | employees, and agents to the extent that their duties might reasonably include
9 | compliance with this Consent Decree, as well as to all contractors retained to perform
10 | work at the Site to the extent their duties might reasonably include compliance with this
11 | Consent Decree.

12 |      7.     In any action to enforce this Consent Decree, Defendants shall not raise as
13 | a defense the failure by any of their partners, employees, agents, or contractors to take
14 | any actions necessary to comply with this Consent Decree.

15 | ## III.  DEFINITIONS

16 |      8.     Terms used in this Consent Decree that are defined in the CWA or in
17 | regulations promulgated pursuant to the CWA shall have the meanings assigned to them
18 | in the statute or such regulations, unless otherwise provided in this Consent Decree.

19 |      9.     Whenever the terms set forth below are used in this Consent Decree, the
20 | definitions in the following subparagraphs shall apply.

21 |      a.     "CWA" shall mean the Clean Water Act, 33 U.S.C. §§ 1251-1387.

22 |      b.     "Complaint" shall mean the Complaint filed by the United States in
23 | this action on May 1, 2013 (ECF No. 2).

24 |      c.     "Coyote Creek" shall mean the feature that has segments generally
25 | located in the southern portion of the Site and is inclusive of its north fork, south fork,
26 | and mainstem.  Coyote Creek is shown on the Tehama County Assessor's Parcel Map,

27 |

28 |

Consent Decree              3

1    which is Appendix A to this Consent Decree,[1] and illustrated on an annotated aerial

2    photograph of the Site, which is Appendix B to this Consent Decree.

3         d.    "Consent Decree" shall mean this Consent Decree; all Appendices

4    attached hereto and listed in Section XVII; and all modifications made effective in

5    accordance with Section XII.

6         e.    "Corps" shall mean the United States Army Corps of Engineers and

7    any of its successor departments or agencies.

8         f.    "Day" shall mean a calendar day unless expressly stated to be a

9    business day.  In computing any period of time under this Consent Decree, where the

10   last day would fall on a Saturday, Sunday, or legal holiday, the period shall run until the

11   close of business of the next day that is not a Saturday, Sunday, or legal holiday.

12        g.    "Defendants" shall mean Matthew R. Anchordoguy, Anchordoguy

13   and Company Limited Partnership, and John R. Barlow.

14        h.    "EPA" shall mean the United States Environmental Protection

15   Agency and any of its successor departments or agencies.

16        i.    "Effective Date" shall mean the date on which this Consent Decree

17   is entered by the Court.

18        j.    "Paragraph" with a capital "P" shall mean a portion of this Consent

19   Decree identified by an Arabic numeral.

20        k.    "Parties" shall mean the United States and Defendants.

21        l.    "Section" with a capital "S" shall mean a portion of this Consent

22   Decree identified by a Roman numeral.

23        m.    "Site" shall mean certain real property in Tehama County, California

24   that is located at 10555 State Highway 99W, Red Bluff, California, 96080.  The Site has

25   an approximate size of 1,036.39 acres and is comprised of the following Tehama County

26   Assessor's Parcel Numbers:  037-050-20-1, 037-050-18-1, 037-050-16-1, 037-050-15-1,

27

28   _____
     [1]  Appendix A is a true and correct copy of the Tehama County Assessor's Parcel Map,
     available at http://www.co.tehama.ca.us/assessor-info-maps (last visited June 30, 2014).

Consent Decree                                    4

and 037-050-04-1.  These parcels are shown on Appendix A to this Consent Decree, and the Site boundary is illustrated on Appendix B to this Consent Decree.[2]

n.    "Stream 1" shall mean the feature that has segments generally located in the northern, eastern, and southern portions of the Site.  Stream 1 is illustrated on Appendix B to this Consent Decree.

o.    "Stream 2" shall mean the feature that has segments generally located in the northern, central, and eastern portions of the Site.  Stream 2 is illustrated on Appendix B to this Consent Decree.

p.    "Stream 3" shall mean the feature that is generally located in the southwest portion of the Site and is illustrated on Appendix B to this Consent Decree.

q.    "Stream 4" shall mean the feature that has a segment generally located in the northeastern portion of the Site and is illustrated on Appendix B to this Consent Decree.

r.    "Stream 5" shall mean the feature that is generally located in the southern portion of the Site and is illustrated on Appendix B to this Consent Decree.

s.    "Stream 6" shall mean the feature that is generally located between the north and south forks of Coyote Creek in the southwestern portion of the Site and is illustrated on Appendix B to this Consent Decree.

t.    "United States" shall mean the United States of America, acting on behalf of EPA.

u.    "Unfilled Wetlands" shall mean features that are illustrated in yellow on Appendix B to this Consent Decree.

IV.  SCOPE OF CONSENT DECREE

10.    This Consent Decree shall constitute a complete and final settlement of all civil claims alleged and relief sought in the Complaint, subject to compliance by

---

[2]  The Site does not include the limited portion of Assessor's Parcel Number 037-100-17-1 located north of Coyote Creek, which Defendants also prepared for the planting of olive or walnut orchards.  No CWA violations are alleged or believed to have occurred in this portion of Assessor's Parcel Number 037-100-17-1.

1    Defendants with this Consent Decree.

2         11.    It is the express purpose of the Parties in entering this Consent Decree to

3    further the objectives set forth in CWA section 101, 33 U.S.C. § 1251.

4         12.    Defendants' obligations under this Consent Decree are joint and several.

5         13.    The Parties acknowledge that, upon entry of this Consent Decree,

6    Nationwide Permit 32, found at 77 Fed. Reg. 10,184 (Feb. 21, 2012), will authorize,

7    subject to the conditions provided in the Nationwide Permit and this Consent Decree, the

8    dredged or fill materials that were allegedly placed at the Site as part of the alleged

9    discharges alleged to be violations of the CWA in the Complaint.

10         14.    This Consent Decree is not and shall not be interpreted to be a permit or

11    modification of any existing permit issued pursuant to any federal, state, or local laws or

12    regulations; except as provided in Paragraph 13, nothing in this Consent Decree shall

13    limit the ability of the Corps to issue, modify, suspend, revoke or deny any individual

14    permit or any nationwide or regional general permit, nor shall this Consent Decree limit

15    EPA's ability to exercise its authority pursuant to CWA section 404(c), 33 U.S.C.

16    § 1344(c).

17         15.    Except as provided in this Consent Decree, this Consent Decree in no way

18    affects or relieves Defendants of their responsibility to comply with any applicable

19    federal, state, or local law, regulation or permit.

20         16.    This Consent Decree in no way affects the rights of the United States as

21    against any person not a party to this Consent Decree.

22         17.    The United States reserves any and all legal and equitable remedies

23    available to enforce this Consent Decree and applicable law.  The United States further

24    reserves all legal and equitable remedies available to address any subsequently

25    discovered imminent and substantial endangerment to public health or welfare or the

26    environment at the Site, whether related to the alleged violations addressed in this

27    Consent Decree or otherwise.  This Consent Decree shall not be construed to limit the

28    rights of the United States to obtain penalties or injunctive relief under the CWA or its

1    implementing regulations, or under other federal laws, regulations, or permit conditions,

2    except as expressly specified in Paragraph 10 of this Consent Decree.

3        18.    Except as provided in Section I, nothing in this Consent Decree shall

4    constitute an admission of fact or law by either the United States or Defendants.

5                    V.  <u>SPECIFIC PROVISIONS</u>

6                    <u>CIVIL PENALTIES</u>

7        19.    By the later of December 31, 2014 or the thirtieth (30th) Day after the

8    Effective Date, Defendants shall pay civil penalties to the United States in the amount of

9    three hundred thousand dollars ($ 300,000).

10       20.    Payment of the civil penalties to the United States shall be made in

11   accordance with the written instructions to be provided to Defendants by the United

12   States Department of Justice.  Upon payment, Defendants shall promptly provide written

13   notice to the United States at the addresses specified in Section IX.

14       21.    Defendants shall not deduct any penalties paid under this Consent Decree

15   pursuant to this Section or Section VII in calculating any federal income tax owed.

16       22.    No transfer of ownership or control of the Site shall relieve Defendants of

17   their obligation to timely pay civil penalties under Paragraph 19.

18                    <u>INJUNCTIVE RELIEF</u>

19       23.    <u>Injunctions</u>:

20            a.    Defendants and Defendants' agents, successors, and assigns are

21   enjoined from discharging any pollutant into Coyote Creek, Stream 1, Stream 2, Stream

22   3, Stream 4, Stream 5, Stream 6, or Unfilled Wetlands, unless such discharge complies

23   with the provisions of the CWA and its implementing regulations.

24            b.    Defendants and Defendants' agents, successors, and assigns are

25   enjoined from dredging or excavating any portion of Coyote Creek unless, before

26   initiating any such activity, Defendants provide written notification to the Corps fully

27   describing the proposed activity and obtain from the Corps a CWA section 404 permit, a

28   verification of the applicability of a nationwide permit, or a determination that no CWA

Consent Decree                                7

1   section 404 permit is required for the proposed activity.

2           c.      The prohibitions of subparagraphs a and b of Paragraph 23 run with

3   ownership or control of the Site.  Within thirty (30) Days of the Effective Date,

4   Defendants shall record with the Recorder of Deeds office in Tehama County, California

5   a true and correct copy of this Consent Decree.  Upon recording, Defendants shall

6   promptly provide written notice of such recording to the United States, along with a true

7   and correct copy of items recorded, at the addresses specified in Section IX.

8           d.      In no event may Defendants cause ownership or control of the Site

9   to be transferred until they have paid the civil penalty (i.e., Paragraph 19); completed the

10  mitigation requirements (i.e., Paragraph 24); and recorded the Consent Decree in

11  accordance with the immediately preceding subparagraph (i.e., subparagraph c of

12  Paragraph 23).  After such time, Defendants may cause ownership or control of the Site

13  to be transferred if, at least thirty (30) Days prior to such transfer, Defendants provide a

14  true and correct copy of this Consent Decree to the proposed transferee and

15  simultaneously provide written notice of the proposed transfer to the United States at the

16  addresses specified in Section IX.  Further, until such time as this Consent Decree is

17  terminated, if Defendants seek to cause ownership or control of the Site to be transferred

18  they must first obtain a written agreement from the proposed transferee acknowledging

19  that:  (1) transferee and its agents, successors, or assigns are prohibited from

20  discharging any pollutant into Coyote Creek, Stream 1, Stream 2, Stream 3, Stream 4,

21  Stream 5, Stream 6, or Unfilled Wetlands, unless such discharge complies with the

22  provisions of the CWA and its implementing regulations; (2) transferee and its agents,

23  successors, or assigns are prohibited from dredging or excavating any portion of Coyote

24  Creek unless, before initiating any such activity, they provide written notification to the

25  Corps fully describing the proposed activity and obtain from the Corps a CWA section

26  404 permit, a verification of the applicability of a nationwide permit, or a determination

27  that no CWA section 404 permit is required for the proposed activity; and (3) such

28  prohibitions run with ownership or control of the Site.  Transferring ownership or control

of the Site does not include changing the ownership or control of Anchordoguy and Company Limited Partnership so long as that change does not affect title to the Site.

24. <u>Mitigation</u>:

a. To mitigate the alleged losses of ecological functions resulting from the CWA violations alleged in the Complaint, by the fifteenth (15th) Day after the Effective Date, Defendants shall pay seven hundred ninety five thousand dollars ($795,000) to The Nature Conservancy in accordance with the Agreement Concerning Mitigation Funds that is appended to this Consent Decree as Appendix C.  As set forth in Appendix C, these funds are for the purpose of protecting, preserving, enhancing, restoring, maintaining, managing, and monitoring vernal pool habitat and salmon and riparian habitats as natural open space in perpetuity in the Sacramento River watershed, including completing the priority project of acquiring and maintaining a conservation easement on a 515-acre parcel in Tehama County, California, known as "Foor Ranch." As further detailed in Appendix C, the easement will protect the vernal pools and vernal swales on Foor Ranch, which is of heightened conservation value due to its connectivity to surrounding conserved lands, including The Nature Conservancy's 4,600-acre Vina Plains Preserve of vernal pool and grassland habitats.

b. Upon completion of the requirements of Paragraph 24, Defendants shall promptly provide written notice to the United States at the addresses specified in Section IX, at which time Defendants shall have completed the mitigation requirements of Paragraph 24.

c. No transfer of ownership or control of the Site shall relieve Defendants of their obligation to complete timely mitigation under Paragraph 24.

VI. <u>RETENTION OF RECORDS AND RIGHT OF ENTRY</u>

25. Until termination of this Consent Decree, Defendants shall retain all documents and electronically stored information that relate in any manner to Defendants' performance of their obligations under this Consent Decree.  Upon request by the United States, Defendants shall make any documents or information required to be maintained

1  under this Paragraph available for inspection and copying by the United States.

2  Defendants reserve their rights and ability to assert that any documents or information

3  required to be maintained under this Paragraph is protected from disclosure under any

4  privilege or protection recognized by federal law.

5        26.    Until termination of this Consent Decree, the United States and its

6  representatives, including attorneys, contractors, and consultants, shall have the right of

7  entry into the Site, at reasonable times and upon reasonable notice and presentation of

8  credentials, to assess Defendants' compliance with this Consent Decree and to inspect

9  and review any records required to be kept under this Consent Decree and/or the CWA.

10        27.    This Consent Decree in no way limits or affects any other rights of entry

11  and inspection, or any rights to obtain information, held by the United States, including

12  EPA, pursuant to applicable federal laws, regulations, or permits, nor does it limit or

13  affect any duty or obligation of Defendants to maintain documents, records, or other

14  information imposed by applicable federal or state laws, regulations, or permits.

15  However, entry of this Consent Decree shall close the CWA section 308 Information

16  Request issued by EPA to at least one Defendant on or about January 10, 2011(EPA

17  Docket No. CWA 308-9-11-001), thereby terminating the effect of that Information

18  Request to Defendants.

19  VII.   STIPULATED PENALTIES

20        28.    Defendants shall be liable for stipulated penalties to the United States for

21  their violations of this Consent Decree in accordance with this Section.  A violation

22  includes failing to fulfill any obligation of this Consent Decree, including, for example,

23  timely paying civil penalties (Paragraph 19); complying with injunctions (Paragraph 23,

24  subparagraphs a and b); timely recording the Consent Decree (Paragraph 23,

25  subparagraph c); complying with requirements pertaining to transferring ownership or

26  control of the Site (Paragraph 23, subparagraph d); and timely completing mitigation

27  (Paragraph 24).

28

Consent Decree                    10

1    29.    Stipulated penalties shall accrue for violations of this Consent Decree in

2    the amount of two thousand dollars ($2,000) per Day for each violation.

3    30.    Stipulated penalties under this Section shall begin to accrue on the Day a

4    violation occurs and shall continue to accrue until the violation ceases.  Stipulated

5    penalties shall accrue simultaneously for separate violations of this Consent Decree.

6    31.    Except as provided in Paragraphs 32 and 33 below, Defendants shall pay

7    any stipulated penalty within thirty (30) Days of receiving the United States' written

8    demand.  Defendants shall make any such payment in accordance with written

9    instructions to be provided by the United States.  Upon any such payment, Defendants

10   shall provide written notice to the United States, at the addresses specified in Section IX.

11   32.    The United States may, in the unreviewable exercise of its discretion,

12   reduce or waive stipulated penalties otherwise due under this Consent Decree.

13   33.    Any disputes concerning the amount of stipulated penalties or the

14   underlying violation that gives rise to the assessment of stipulated penalties are subject

15   to the Dispute Resolution provisions of Section VIII.  Stipulated penalties and any

16   applicable interest shall continue to accrue but need not be paid until the following:

17          a.    If the dispute is resolved by agreement between the Parties,

18   Defendants shall pay the amount due under such agreement, together with any

19   applicable interest, to the United States within thirty (30) Days of the effective date of the

20   agreement.

21          b.    If the dispute cannot be resolved between the Parties and is taken

22   to the Court, in the event that the Court determines that stipulated penalties are owed,

23   Defendants shall pay all accrued penalties determined by the Court to be owed, together

24   with any applicable interest, within thirty (30) Days of receiving the Court's decision,

25   except as provided in subparagraph c, below.  In the event that the Court determines

26   that Defendants do not owe any stipulated penalties, such a determination shall be

27   controlling, except as provided in subparagraph c, below.

28

Consent Decree                                    11

c.      If any party appeals the Court's decision to the Court of Appeals (or beyond), Defendants shall pay all accrued penalties determined to be owed, together with any applicable interest, within fifteen (15) Days of receiving the final appellate decision.

34.     If Defendants fail to pay stipulated penalties in accordance with this Consent Decree, Defendants shall be liable for interest on such penalties, as provided for in 28 U.S.C. § 1961, accruing as of the date payment became due.  The interest shall be computed daily from the time the payment is due until the date the payment is made. The interest shall also be compounded annually.  Nothing in this Paragraph shall be construed to limit the United States from seeking any remedy otherwise provided by law for Defendants' failure to pay any stipulated penalties.

35.     The stipulated penalties provided for in this Consent Decree shall be in addition to any other rights, remedies, or sanctions available to the United States for Defendants' violation of this Consent Decree or applicable law.

## VIII.  DISPUTE RESOLUTION

36.     Unless otherwise expressly provided for in this Consent Decree, the dispute resolution procedures of this Section ("Dispute Resolution") shall be the exclusive mechanism for Defendants to resolve all of their disputes arising under or with respect to this Consent Decree.  However, Section VIII shall not be construed to limit any right of Defendants to seek immediate relief from the Court for any dispute arising under or with respect to this Consent Decree in the unusually rare circumstance that requiring Defendants to follow the dispute resolution procedures of Section VIII would likely result in immediate and irreparable harm, loss, or damage to Defendants.

37.     Any dispute Defendants have that is subject to Dispute Resolution shall first be the subject of informal negotiations.  The dispute shall be considered to have arisen when Defendants send the United States, at the addresses listed in Section IX, a written Notice of Dispute.  Such Notice of Dispute shall state clearly the matter in dispute.  The period of informal negotiations shall not exceed thirty (30) Days from the

1   date the dispute arises, unless that period is modified in writing by the Parties.  If the

2   Parties cannot resolve a dispute by informal negotiations, then the position advanced by

3   the United States shall be considered binding unless, within forty five (45) Days after the

4   conclusion of the informal negotiation period, Defendants file with the Court a motion or

5   other appropriate paper or pleading seeking judicial resolution of the dispute.

6       38.     In any dispute submitted by Defendants to the Court for resolution pursuant

7   to this Section, Defendants shall have the burden of proving by a preponderance of

8   evidence that the United States' position is not in accordance with this Consent Decree

9   and the CWA, and that Defendants' position will achieve compliance with this Consent

10  Decree and the CWA.

11      39.     The invocation of Dispute Resolution procedures under this Section shall

12  not, by itself, extend, postpone, or affect in any way any obligation of Defendants under

13  this Consent Decree.  Stipulated penalties and interest, if applicable to the disputed

14  matter, shall continue to accrue from the first Day of violation, but payment shall be

15  stayed pending resolution of the dispute as provided in Section VII.  If Defendants do not

16  prevail on the disputed issue, stipulated penalties, and interest, if applicable, shall be

17  assessed and paid as provided in Section VII.

18                         IX.  ADDRESSES

19      40.     All notices and communications required under this Consent Decree shall

20  be made to the Parties through each of the following persons and addresses:

21          a.       TO THE UNITED STATES:

22              i.       TO THE DEPARTMENT OF JUSTICE:
                     Andrew J. Doyle, Attorney
23                   Environment and Natural Resources Division
                     U.S. Department of Justice
24                   re:  *USA v. Anchordoguy*, DJ# 90-5-1-1-19337
                     P.O. Box 7611
25                   Washington, D.C. 20044
                     (202) 514-4427 (p)
26                   (202) 514-8865 (f)
                     andrew.doyle@usdoj.gov
27

28

Consent Decree                        13

ii.   TO EPA:

Jessica Kao
Assistant Regional Counsel
United States Environmental Protection Agency
Region 9
75 Hawthorne Street
San Francisco, CA  94105
(415) 972-3922 (p)
kao.jessica@epa.gov

b.   TO DEFENDANTS:

DOWNEY BRAND, LLP
Robert P. Soran, Esq.
621 Capitol Mall, 18th Floor
Sacramento, CA  95814
(916) 444-1000 (p)
rsoran@downeybrand.com

B. Demar Hooper, Esq.
3910 Knollwood Court
Sacramento, CA  95821
(916) 849-3447 (p)
demar@bdhooperlaw.com

Matthew R. Anchordoguy
P.O. Box 136
Vina, CA  96092

Anchordoguy and Company Limited Partnership
77 Talon Drive
Chico, CA  95973

John R. Barlow
77 Talon Dr.
Chico, CA  95973

41.   Any party may, by written notice to the other party, change its designated notice recipient or notice address provided above.

42.   Notices submitted pursuant to this Section shall be deemed submitted upon mailing, unless otherwise provided in this Consent Decree or by mutual agreement of the Parties in writing.

Consent Decree

1

## X. <u>COSTS OF SUIT</u>

2      43.     Each party to this Consent Decree shall bear its own costs and attorneys'

3    fees in this action.

4

## XI.  <u>PUBLIC COMMENT</u>

5      44.     The Parties acknowledge that after the lodging and before the entry of this

6    Consent Decree, final approval by the United States is subject to the requirements of 28

7    C.F.R. § 50.7, which provides for public notice and comment.  The United States

8    reserves the right to withhold or withdraw its consent to the entry of this Consent Decree

9    if the comments received disclose facts or considerations which lead the United States

10   to conclude that the proposed judgment is inappropriate, improper, or inadequate.

11   Defendants agree not to withdraw from, oppose entry of, or to challenge any provision of

12   this Consent Decree, unless the United States has notified Defendants in writing that it

13   no longer supports entry of the Consent Decree.  Defendants consent to entry of this

14   Consent Decree in its present form without further notice.

15

## XII.  <u>MODIFICATION</u>

16      45.     The terms of this Consent Decree may be modified only by a subsequent

17   written agreement signed by the Parties.  Where the modification constitutes a material

18   change to any term of this Consent Decree, it shall be effective only upon approval by

19   the Court.

20

## XIII.  <u>SIGNATORIES/SERVICE</u>

21      46.     Each undersigned representative of Defendants and the United States

22   Department of Justice certifies that he or she is fully authorized to enter into the terms

23   and conditions of this Consent Decree and to execute and legally bind the party he or

24   she represents to this document.

25      47.     This Consent Decree may be signed in counterparts, such counterpart

26   signature pages shall be given full force and effect, and its validity shall not be

27   challenged on that basis.  Defendants agree to accept service of process by mail with

28   respect to all matters arising under or relating to this Consent Decree and to waive any

Consent Decree                                              15

1   formal service requirements set forth in the Federal Rules of Civil Procedure and any

2   applicable Local Rules of this Court including, but not limited to, service of a summons.

3                                   XIV.   <u>INTEGRATION</u>

4          48.     This Consent Decree constitutes the final, complete, and exclusive

5   agreement and understanding among the Parties with respect to the settlement

6   embodied in the Consent Decree and supersedes any prior agreements and

7   understandings, whether verbal or written, concerning the settlement embodied herein.

8   Other than Appendices (Section XVII) and modifications (Section XII), no other

9   document, nor any representation, inducement, agreement, understanding, or promise,

10  constitutes any part of this Consent Decree or the settlement it represents, nor shall it be

11  used in construing the terms of this Consent Decree.

12      XV.  <u>CONFIDENTIALITY, FINAL JUDGMENT, AND RETENTION OF JURISDICTION</u>

13         49.     <u>Confidentiality Order</u>:  Pursuant to Rule 26(c) of the Federal Rules of Civil

14  Procedure, the documents and information Defendants produced to the United States in

15  conjunction with the response of one or more Defendants to the CWA section 308

16  Information Request issued by EPA on or about January 10, 2011(EPA Docket No. CWA

17  308-9-11-001), and Defendants' ability to pay submission in March 2014 and derivative

18  information (for example, notes taken by attorneys or consultants for the United States in

19  conjunction with their evaluation of the foregoing documents and information) shall be

20  kept confidential (or destroyed); shall not be used for any purpose whatsoever other than

21  in connection with this specific action or the enforcement of this Consent Decree

22  (including actions to resolve disputes arising under or with respect to this Consent

23  Decree); and shall not be publicly revealed by the United States.  Paragraph 49 operates

24  as a Confidentiality Order and replaces Defendants' confidentiality assertions pursuant

25  to 40 C.F.R. Part 2.  The discovery documents that Defendants produced to the United

26  States in March 2014, which are Bates-stamped ANCH000001 through ANCH005643,

27  are not subject to this Paragraph and Confidentiality Order even if some of these

28  documents were also produced to the United States in conjunction with Defendants'

1   ability-to-pay submission.

2        50.   <u>Final Judgment</u>:  Upon approval and entry of this Consent Decree by the

3   Court, this Consent Decree shall constitute a final judgment, and the Clerk of Court may

4   administratively close this case.

5        51.   <u>Retention of Jurisdiction</u>:  This Court retains jurisdiction over this action for

6   purposes of resolving disputes arising under this Consent Decree, or entering orders

7   modifying this Consent Decree, or effectuating or enforcing compliance with the terms of

8   this Consent Decree.   (Paragraphs 52 through 56 are intentionally omitted.)

9                          XVI.  <u>TERMINATION</u>

10       57.   After Defendants have paid civil penalties (Paragraph 19); recorded the

11   Consent Decree (Paragraph 23, subparagraph c); completed mitigation (Paragraph 24);

12   continuously complied with the injunctions (Paragraph 23, subparagraphs a and b) for

13   two years and 183 Days after the Effective Date; and paid any outstanding stipulated

14   penalties required by this Consent Decree, Defendants may submit to the United States,

15   at the addresses listed in Section IX, a written Request for Termination, stating that

16   Defendants have satisfied these requirements, together with supporting documentation.

17       58.   If the United States agrees that the Consent Decree may be terminated,

18   the Parties shall submit, for the Court's approval, an appropriate paper or pleading to

19   terminate the Consent Decree.

20       59.   If the United States does not agree that the Consent Decree may be

21   terminated or if the United States does not respond to Defendants' Request for

22   Termination within thirty (30) Days of service, Defendants may invoke the Dispute

23   Resolution provisions of Section VIII.

24       60.   Termination of this Consent Decree does not extinguish the prohibitions of

25   subparagraphs a and b of Paragraph 23, which run with ownership or control of the Site.

26

27

28

Consent Decree                          17

1

XVII.  <u>APPENDICES</u>

2

     61.     The following Appendices are attached to and part of this Consent Decree:

3

     a.     Appendix A:  Tehama County Assessor's Parcel Map for Parcel Numbers

4

037-050-20-1, 037-050-18-1, 037-050-16-1, 037-050-15-1, and 037-050-04-1, available

5

at http://www.co.tehama.ca.us/assessor-info-maps (last visited June 30, 2014).

6

     b.     Appendix B:  Annotated aerial photograph illustrating the boundary of the

7

Site and Coyote Creek, Stream 1, Stream 2, Stream 3, Stream 4, Stream 5, Stream 6,

8

and Unfilled Wetlands.

9

     c.     Appendix C:  Agreement Concerning Mitigation Funds.

10

11

IT IS SO ORDERED

12

13

Date: November 06, 2014

14

15

 

16

MORRISON C. ENGLAND, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT

17

18

19

20

21

22

23

24

25

26

27

28

Consent Decree

18

1    FOR PLAINTIFF UNITED STATES OF AMERICA:

2

3    Sam Hirsch
   Acting Assistant Attorney General

4

5

6

7

8                                           Dated: 8/12/2014

9    Andrew J. Doyle
   Trial Attorney

10   United States Department of Justice
   Environment and Natural Resources Division

11   P.O. Box 7611
   Washington, DC  20044

12   (202) 514-4427 (p)
   (202) 514-8865 (f)

13   andrew.doyle@usdoj.gov

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   FOR EPA (continued on next page):

2

3

4

5   _____          Dated: _July 30, 2014_
    Jared Blumenfeld
6   Regional Administrator
    United States Environmental Protection Agency
7   Region 9
    75 Hawthorne Street
8   San Francisco, CA  94105

9

10  OF COUNSEL:

11  Jessica Kao
    Assistant Regional Counsel
12  United States Environmental Protection Agency
    Region 9
13  75 Hawthorne Street
    San Francisco, CA  94105
14  (415) 972-3922 (p)
15  kao.jessica@epa.gov

16

17

18

19

20

21

22

23

24

25

26

27

28

Consent Decree                        20

1  FOR EPA (continued from previous page):

2

3

4

5

6  Cynthia Giles

Dated: 8/4/14

7  Assistant Administrator
   Office of Enforcement and Compliance Assurance
8  United States Environmental Protection Agency
   1200 Pennsylvania Avenue, N.W.
9  Washington, DC  20004

10

11  OF COUNSEL:

12  Andrew Cherry
    Attorney-Advisor
13  Office of Enforcement and Compliance Assurance
    United States Environmental Protection Agency
14  1200 Pennsylvania Avenue, N.W.
    Washington, DC  20004
15

16

17

18

19

20

21

22

23

24

25

26

27

28

Consent Decree                            21

1   FOR DEFENDANT MATTHEW R. ANCHORDOGUY:

2

3

4   _____   Dated: 7/22/14
    Matthew R. Anchordoguy
5   P.O. Box 136
    Vina, CA  96092
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    FOR DEFENDANT ANCHORDOGUY AND COMPANY LIMITED PARTNERSHIP:

2

3

4    _____          Dated: _7-22-14_
     Anchordoguy and Company Limited Partnership
5    77 Talon Dr.
     Chico, CA  95973
6
     By: _____, _____
7
         (individual)            (title)
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   FOR DEFENDANT JOHN R. BARLOW:

2

3

4   _____          Dated: 7-22-14

    John R. Barlow
5   77 Talon Dr.
    Chico, CA  95973
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Consent Decree                              24

COUNSEL FOR DEFENDANTS:

Dated: 7/24/2014

DOWNEY BRAND, LLP
Robert P. Soran, Esq.
621 Capitol Mall, 18th Floor
Sacramento, CA  95814
(916) 444-1000 (p)
rsoran@downeybrand.com

Dated: 7/24/2014

B. Demar Hooper, Esq.
3910 Knollwood Court
Sacramento, CA  95821
(916) 849-3447 (p)
demar@bdhooperlaw.com

Consent Decree

25